1973 (29 U.S.C. 794; 24 CFR part 8); (the Age Discrimination Act of 1975 (42 U.S.C. 6101-6107; 24 CFR part 146); the Americans with Disabilities Act (Pub. L. 101-336, approved July 26, 1990; 28 CFR part 35); Executive Order 11063 on Equal Opportunity in Housing (24 CFR part 107); Executive Order 11246 on Equal Employment Opportunity, as amended by Executive Order 11375 (41 CFR part 60); and Executive Order 12892 on Affirmatively Furthering Fair Housing. An Indian Housing Authority established pursuant to tribal law shall comply with applicable civil rights requirements, as set forth in Title 24 of the Code of Federal Regulations.

(B) In connection with the development or operation of any project, the HA shall not discriminate against any employee or applicant for employment because of race, color, religion, sex, disability, age, or national origin. The HA shall take affirmative action to ensure that applicants are employed, and that employees are treated during employment, without regard to race, color, religion, sex, disability, age, or national origin. Such action shall include, but not be limited to, the following: employment, upgrading, demotion, or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship. The HA shall insert the foregoing provision (modified only to show the particular contractual relationship) in all its contracts in connection with the development or operation of any project, except contracts for standard commercial supplies or raw materials and contracts referred to in subsection (C) of this section, and shall require all contractors to insert a similar provision in all subcontracts, except subcontracts for standard commercial supplies or raw materials. The HA shall post at the projects, in conspicuous places available to employees and applicants for employment, notices to be provided by HUD setting forth the provisions of this nondiscriminatory clause.

(C) The HA shall incorporate the language required by Executive Order 11246, codified at 41 CFR §60-1.4(b) (or any successor provision), into any contract for construction work, or any modification thereof, which is paid for in whole or in part with funds obtained under this ACC. In addition, the HA agrees that it will be bound by the equal employment opportunity provisions set forth at 41 CFR §60-1.4(b) (or any successor provision) with respect to its own employment practices when it uses its own staff (force account) to carry out Federally assisted construction work.

Section 13 - Insurance Requirements.

(A) Except as otherwise provided by HUD, the HA shall procure adequate insurance to protect the HA from financial loss resulting from various hazards if the HA determines that exposure to certain hazards exists. The types of insurance required, or that should be purchased, and other requirements with respect to insurance coverage are listed in Part B, Attachment VII, of this ACC.

(B) The HA shall, to the extent that insurance proceeds permit, promptly restore, reconstruct, and/or repair any damaged or destroyed property of a project, except with the written approval

of HUD to the contrary.

### Section 14 - Employer Requirements.

(A) The HA shall comply with all tribal, State and Federal laws applicable to employee benefit plans and other conditions of employment.

(B) No funds of any project may be used to pay any compensation for the services of members of the HA Board of Commissioners.

### Section 15 - Books of Account, Records, and Government Access.

(A) The HA must maintain complete and accurate books of account for the projects of the HA in such a manner as to permit the preparation of statements and reports in accordance with HUD requirements, and to permit timely and effective audit.

(B) The HA must furnish HUD such financial and project reports, records, statements, and documents at such times, in such form, and accompanied by such reporting data as required by HUD.

(C) The United States Government, including HUD and the Comptroller General, and its duly authorized representatives, shall have full and free access to all HA offices and facilities, and to all books, documents, and records of the HA relevant to the administration of the projects under this ACC, including the right to audit and make copies.

### Section 16 - Termination of a Project Under Management.

If any project under management under this ACC is terminated, all project reserves shall become part of another project administered by the HA in accordance with the terms of this ACC. If no other project(s) under management exists, the remaining project reserves shall be distributed as directed by HUD.

### Section 17 - Notices, Defaults, Remedies.

(A) Any notice required or permitted to be given under this ACC shall be in writing, signed by a duly authorized official, and addressed, if to the HA, to the principal office of the HA, and if to HUD, to the HUD office with jurisdiction over the HA, unless otherwise directed by regulation or other requirement of HUD.

(B) Upon the occurrence of a substantial default by the HA, as determined by HUD in accordance with this ACC, HUD shall be entitled to any or all of the remedies set forth in paragraphs (E), (F), and (H) below. A substantial default is a serious and material violation of

any one or more of the covenants contained in this ACC. Events of substantial default shall include, but shall not be limited to, any of the following occurrences: (1) failure to maintain and operate the project(s) under this ACC in a decent, safe, and sanitary manner; (2) the disposition or encumbrance of any project or portion thereof without HUD approval; (3) failure of the HA to comply with any civil rights requirements applicable to the HA and the project(s); (4) abandonment of any project by the HA, or if the powers of the HA to operate the project(s) in accordance with the provisions of this ACC are curtailed or limited to an extent that will prevent the accomplishment of the objectives of this ACC; (5) failure to carry out modernization or development in a timely, efficient and effective manner; and (6) termination of tax exemption (either real or personal property) on behalf of a project covered under this ACC.

(C) Delivery of a notice of substantial default shall be required before the exercise of any remedy permitted under this ACC. Such notice shall: (1) identify the specific covenants, statutes, executive orders, or regulations alleged to have been violated; (2) identify the specific events, actions, failure to act, or conditions that constitute the alleged substantial default; and (3) provide a specific timeframe for the HA to cure the substantial default, taking into consideration the nature of the default.

(D) Except in cases involving clear and apparent fraud, serious criminal behavior, or emergency conditions that pose an imminent threat to life, health, or safety, the HA shall have the right to appeal any such notice received from the HUD office with jurisdiction over the HA. Such informal appeals shall be in writing and shall be submitted within ten (10) working days from the date of the HA's receipt of such notice. Appeals of the action of a HUD Office shall be made to the Assistant Secretary for Public and Indian Housing, or such other official as shall be a successor thereto.

(E) Upon the occurrence of a substantial default, or the expiration of any applicable cure period provided by HUD, the HA shall: (1) convey to HUD title to the project(s) as demanded by HUD if, in the determination of HUD (which determination shall be final and conclusive), such conveyance of title is necessary to achieve the purposes of the Act; or (2) deliver possession and control of the project(s) to HUD.

(F) Nothing contained in this ACC shall prohibit or limit HUD from the exercise of any other right or remedy existing under applicable law, or available at equity. HUD's exercise or non-exercise of any right or remedy under this ACC shall not be construed as a waiver of HUD's right to exercise that or any other right or remedy at any time.

(G) If HUD shall acquire title to, or possession of the project(s), HUD shall reconvey or redeliver possession of the project(s) to the HA, or to any successor recognized by HUD:
(1) upon a determination by HUD that the substantial default has been cured and that the project(s) will thereafter be operated in accordance with the terms of this ACC; or (2) after the termination of HUD's obligation to make annual contributions available, unless there

are any obligations or covenants of the HA to HUD that are then in default.

(H) HUD may at any time by notice to the HA declare this ACC terminated with respect to any project that at such time has not been permanently financed if: (1) the HA has made any fraudulent or willful misrepresentation of any material fact in any document or data submitted to HUD as a basis for this ACC or as an inducement to HUD to enter into this ACC; or (2) a substantial default exists in connection with any of the projects; provided, that no such termination shall affect any obligation of HUD to make annual contributions pursuant to section 12 of Attachment VI, Part B, of this ACC.

Section 18 - Rights and Obligations of HUD While in Possession of Project(s).

(A) During any period in which HUD holds title to or possession of the projects after a substantial default by the HA, HUD shall develop and/or operate such project(s) as nearly as practicable in accordance with the provisions of this ACC.

(B) During any such period, HUD may, in the name and on behalf of the HA, or in its own name and on its own behalf (as HUD shall solely determine), exercise any and all rights of the HA under this ACC, and perform any and all obligations of the HA under this ACC. Nothing herein shall be deemed to make the action(s) or omission(s) of the HA attributable to HUD.

Section 19 - Conflict of Interest.

(A)(1) In addition to any other applicable conflict of interest requirements, neither the HA nor any of its contractors or their subcontractors may enter into any contract, subcontract, or arrangement in connection with a project under this ACC in which any of the following classes of people has an interest, direct or indirect, during his or her tenure or for one year thereafter:

   (i) Any present or former member or officer of the governing body of the HA, or any member of the officer's immediate family. There shall be excepted from this prohibition any present or former tenant commissioner who does not serve on the governing body of a resident corporation, and who otherwise does not occupy a policymaking position with the resident corporation, the HA or a business entity.

   (ii) Any employee of the HA who formulates policy or who influences decisions with respect to the project(s), or any member of the employee's immediate family, or the employee's partner.

   (iii) Any public official, member of the local governing body, or State or local legislator, or any member of such individuals' immediate family, who exercises functions or responsibilities with respect to the project(s) or the HA.

(2) Any member of these classes of persons must disclose the member's interest or prospective interest to the HA and HUD.

(3) The requirements of this subsection (A)(1) may be waived by HUD for good cause, if permitted under State and local law. No person for whom a waiver is requested may exercise responsibilities or functions with respect to the contract to which the waiver pertains.

(4) The provisions of this subsection (A) shall not apply to the General Depository Agreement entered into with an institution regulated by a Federal agency, or to utility service for which the rates are fixed or controlled by a State or local agency.

(5) Nothing in this section shall prohibit a tenant of the HA from serving on the governing body of the HA.

(B)(1) The HA may not hire an employee in connection with a project under this ACC if the prospective employee is an immediate family member of any person belonging to one of the following classes:

(i) Any present or former member or officer of the governing body of the HA. There shall be excepted from this prohibition any former tenant commissioner who does not serve on the governing body of a resident corporation, and who otherwise does not occupy a policymaking position with the HA.

(ii) Any employee of the HA who formulates policy or who influences decisions with respect to the project(s).

(iii) Any public official, member of the local governing body, or State or local legislator, who exercises functions or responsibilities with respect to the project(s) or the HA.

(2) The prohibition referred to in subsection (B)(1) shall remain in effect throughout the class member's tenure and for one year thereafter.

(3) The class member shall disclose to the HA and HUD the member's familial relationship to the prospective employee.

(4) The requirements of this subsection (B) may be waived by the HA Board of Commissioners for good cause, provided that such waiver is permitted by State and local law.

(C) The requirements of subsections (A) and (B) of this section do not apply to contracts entered into by an Indian Housing Authority, its contractors or subcontractors, although such contracts

remain subject to other applicable conflict of interest requirements.

(D) For purposes of this section, the term "immediate family member" means the spouse, mother, father, brother, sister, or child of a covered class member (whether related as a full blood relative, or as a "half" or "step" relative, e.g., a half-brother or stepchild).

### Section 20 - Interest of a Member or Delegate to Congress.

No member of or delegate to the Congress of the United States of America or resident commissioner shall be admitted to any share or part of this ACC or to any benefits which may arise from it. (As used in this section, the term "resident commissioner" refers to an individual appointed to oversee a territory or possession of the United States of America, e.g., Guam.)

### Section 21 - Rights of Third Parties.

Except as to bondholders, as stated in Part B (Attachment VI) of this ACC, nothing in this ACC shall be construed as creating any right of any third party to enforce any provision of the ACC or to assert any claim against HUD or the HA.

### Section 22 - Performance of Conditions Precedent to the Validity of this ACC.

The HA certifies that all conditions precedent to the valid execution and delivery of this ACC on its part have been complied with, that all things necessary to constitute this ACC its valid, binding, and legal agreement on the terms and conditions and for the purposes herein set forth have been done and have occurred and that the execution and delivery of the ACC on its part have been and are in all respects duly authorized in accordance with law. HUD similarly certifies with reference to its execution and delivery of this ACC.

### Section 23 - Waiver or Amendment.

Any right or remedy that HUD may have under this ACC may be waived in writing by HUD without the execution of a new or supplemental agreement; or by mutual agreement of the parties to this ACC, this contract may be amended in writing: Provided, That none of the provisions of this ACC may be modified or amended so as to impair in any way HUD's obligation to pay any annual contributions that have been pledged as security for any obligations of the HA.

In witness whereof, the HA and HUD have caused this ACC to be executed and the HA has caused its seal to be hereunto affixed and attested all as of the date first above written.

(SEAL)

ATTEST:

HOUSING AUTHORITY OF THE CITY OF SLIDELL
_____
(Housing Authority)

By _____
(Chairperson)

UNITED STATES OF AMERICA
Secretary of Housing and Urban
Development

By  _____
 por  MARVEL M. ROBERTSON
             DIRECTOR
       PUBLIC HOUSING          (Official Title)