# In the United States Court of Federal Claims

No. 19-1583C

(Filed: June 19, 2020)

|  |  |
|---|---|
| **HOUSING AUTHORITY OF THE CITY OF SLIDELL,** | ) ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant.* | ) |

## ORDER

Pursuant to this Court's Order, dated June 3, 2020, oral argument on the government's motion to dismiss is scheduled for June 24, 2020.  *See* ECF No. 26.

The Court reminds the parties that "[o]ral argument . . . is an opportunity for the court to ask questions, often to give counsel a chance to address a particular judge's tentative conclusions to clarify or even persuade the judge to change his or her mind."  *Kennedy v. Lockyer*, 379 F.3d 1041, 1058–59 (9th Cir. 2004) (Fisher, J., concurring); *see also Jones v. Page*, 76 F.3d 831, 850 (7th Cir. 1996) (noting that a judge "has an obligation to raise legal issues that the parties have overlooked or neglected"); *cf. United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (quoting *United States v. Samuels*, 808 F.2d 1298, 1301 (8th Cir. 1987) (Arnold, J., concurring in denial of reh'g en banc), for the proposition that while courts "'should not sally forth each day looking for wrongs to right'" and "'normally decide only questions presented by the parties[,]'"nevertheless "[t]he party presentation principle is supple, not ironclad" and "[t]here are no doubt circumstances in which a modest initiating role for a court is appropriate").

With respect to the government's pending motion to dismiss, the Court has not yet reached any firm conclusions.  To assist the Court in resolving the pending motion – and with the above guidance in mind – the Court expects a productive argument, during which the parties shall be prepared to discuss, in detail, the following issues:

1. the nature of the claims at issue in *Nat'l Ctr. for Mfg. Scis. v. United States*, 114 F.3d 196, 198 (Fed. Cir. 1997);

2. whether and how *San Juan City College v. United States*, 391 F.3d 1357 (Fed. Cir. 2004), applies to the issues raised in the government's motion;

3. whether the U.S. Department of Housing and Urban Development ("HUD") possesses plenary authority to impose the types of "conditions" and "corrective actions" that are the subject of the Plaintiff's Complaint (*see* Def. Mot. at 3);

4. the status of *Boaz Housing Authority v. United States*, 141 Fed. Cl. 74 (2018), pending on appeal before the U.S. Court of Appeals for the Federal Circuit;

5. the applicability of 2 C.F.R. part 200 to the Annual Contributions Contract ("ACC") at issue (*see* Def. Mot. 5-6);

6. in addition to Form HUD-53012A, whether the parties' ACC also included Form HUD-53012B ("Additional Terms and Conditions"); and

7. whether the government's position in this case – with regard to Tucker Act jurisdiction – is consistent with HUD's position before various U.S. District Courts.  *See, e.g., Greenleaf Ltd. P'ship v. Illinois Hous. Dev. Auth.*, 2009 WL 449100, at *6–8 (N.D. Ill. Feb. 23, 2009); *Vill. W. Assocs. v. Rhode Island Hous. & Mortg. Fin. Corp.*, 618 F. Supp. 2d 134, 137 (D.R.I. 2009) ("HUD's motion rests on the premise that [the] impleader action is a run-of-the-mill contract claim against the United States.  It claims that though . . . [the complaint is] conveniently couched . . . as seeking injunctive and declaratory relief, at bottom [it] seeks money damages . . . grounded upon rights that spring from the ACC contract.  Thus, the action falls within the Tucker Act, 28 U.S.C. § 1491, and the exclusive forum is the United States Court of Federal Claims[.]").

If the ACC at issue in this case includes Form HUD-53012B, each party shall file its respective copy of that form no later than **Tuesday, June 23, 2020 at 3:00 pm**.  The parties also shall file, by that deadline, any other contractual documents related to the Plaintiff's claim for an "[a]ward [of] monetary damages. . . under the ACC[.]"  *See* ECF No. 20 (Amended Complaint) at 10 ("Prayer for Relief").

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge
